## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-9775 PA (JPRx) | Date | January 19, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al., v. County of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by Plaintiffs Estate of Amanda Bews, A.S.R., R.E.H. and Melinda Bettencourt ("Plaintiffs") against defendants County of Los Angeles, Alex Villanueva, Sean OBrien Henderson, MD, Tri Hong, Rph, ("County Defendants") and Fresno Cremation Company dba Chapel of Light ("Chapel of Light") (collectively "Defendants"). Plaintiffs allege that the County Defendants caused the death of Amanda Bews by failing to adequately prevent and treat Ms. Bews' alcohol and drug withdrawal while she was in Los Angeles County custody. Plaintiffs further allege that after her death, Ms. Bews' remains were mishandled and allowed to decompose by the County and then by a private funeral home with which Ms. Bews' family had contracted for funeral services.

The Complaint asserts claims against the County Defendants for: (1) 42 U.S.C. § 1983 (Deliberate Indifference); (2) 42 U.S.C. § 1983 (Substantive Due Process); (3) 42 U.S.C. § 1983 (Monell); (4) 42 U.S.C. § 1983 (Substantive Due Process–Monell); (5) Cal. Govt. Code § 52.1 (Bane Act); (6) Cal. Govt. Code § 845.6 (Failure to Summon Medical Care); (7) Negligence; (8) Negligence (Negligent Training and Supervision); (9) Negligence (Negligent Mishandling of Remains; and (10) Wrongful Death. The Complaint asserts two claims against the Chapel of Light for Negligence (Negligent Mishandling of Remains) and Breach of Contract.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A)     any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | January 19, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al., v. County of Los Angeles, et al. | | |

(B)  any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

The Complaint does not allege that Chapel of Light acted jointly with the County Defendants. While Plaintiffs' negligent mishandling claim is asserted against the County Defendants and Chapel of Light, the Complaint alleges that Chapel of Light owed Plaintiffs a separate and distinct duty of care under California law in the handling of Ms. Bews' remains, and that the negligent conduct took place at the hands of different people at completely different times. (Complaint ¶¶ 159-184.) Moreover, Plaintiffs' Tenth Cause of Action for Breach of Contract is asserted solely against Chapel of Light based on its private contract with Ms. Bews' family for funeral services and based on conduct after Ms. Bews was no longer in county custody. Thus, the fact that the County Defendants and Chapel of Light are each alleged to have mishandled the remains by allowing them to decompose does not necessarily provide a basis for permissive joinder under the Federal Rules of Civil Procedure.

For these reasons, the Court orders Plaintiffs to show cause in writing no later than January 30, 2024, why Chapel of Light should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). Failure to adequately respond to this Order to Show Cause may result, without further warning, in the imposition of sanctions, including but no limited to, dismissal of the Complaint without prejudice.

IT IS SO ORDERED.