UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss the Complaint ("Motion to Dismiss") filed by Defendants County of Los Angeles ("LA County") and Tri Hong, RPh ("County Defendants" or "Defendants")[1] on January 18, 2024. (Docket No. 29.). Plaintiffs Estate of Amanda Bews, by and through its successors in interest A.S.R. and R.E.H., and Melinda Bettencourt ("Plaintiffs") filed an Opposition on February 5, 2024. (Docket No. 38.). Defendants filed a Reply on February 12, 2024. (Docket No. 39.). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter is appropriate for decision without oral argument. The hearing calendared for February 26, 2024 at 1:30 p.m. is vacated, and the matter taken off calendar.

## I. Background

Plaintiffs, decedent Amanda Bews' children and mother, bring this civil rights action following Ms. Bews' death at the Century Regional Detention Facility ("CRDF") operated by LA County on September 9, 2022. The Complaint alleges that Ms. Bews was arrested on September 7, 2022 for shoplifting. (Comp. ¶ 27.) At the time of her arrest, Ms. Bews informed the deputies that she had been drinking alcohol and admitted recent heroin use. Deputies transported her to Henry Mayo Newhall Hospital to be cleared for booking into county jail. (Id.) At the hospital decedent reported her alcohol abuse over the past six years, and stated that she had been drinking prior to her arrest. (Id. at ¶ 30. ) Hospital staff noted "prolonged heavy drinking" in her records and diagnosed her with "alcohol abuse." (Id.)

The Complaint alleges that Ms. Bews was released, along with her medical records, to the Sheriff's Department for booking into jail at 12:21 a.m. on September 8, 2022. (Id. at ¶¶ 30, 33.) The ER Summary Report recommended that the decedent should be taken to an acute care

---

[1] Plaintiffs have yet to serve individual county defendants Sean Henderson, M.D. or Alex Villa nueva. Dr. Hong is thus the only individual defendant that has appeared in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

facility for booking. (Id. at ¶ 31.) After her discharge, the decedent was transported to the CRDF. (Id. at ¶ 33.)

Upon booking, Ms. Bews underwent a second medical evaluation, and was cleared for housing. (Id. at ¶ 34.) The Complaint alleges that staff at the jail were aware that the decedent suffered from alcohol dependence, and had recently used alcohol and heroin, and that the medical staff was also aware that she had a history of prescription opiate abuse. (Id. at ¶ 35.) Ms. Bews was housed at 2:56 p.m. on September 8, 2022 in a shared cell in Module 1400. (Id. at ¶ 36.)

On September 9, 2022 at 12:09 a.m, after another medical check, the Complaint alleges that Ms. Bews was "cleared for detox and required no medications." (Id. at ¶ 38.) Medical staff checked Ms. Bews again at 4:30 a.m. and a nurse found her unresponsive. (Id. at ¶¶ 41, 43.) Emergency medical staff attempted to revive Ms. Bews, but they were unable to do so, and she was pronounced dead at 5:29 a.m. (Id. at ¶¶ 44-47.) The Complaint further alleges that at the time of her death Ms. Bews showed signs of alcohol withdrawal – she was dehydrated and had vomit in her airway. (Id. at ¶ 47.)

The Complaint alleges that the Doctor responsible for overseeing decedent's medical care at CRDF, Dr. Henderson, and Dr. Hong, the pharmacist who was also involved in decedent's care (Compl. ¶¶ 17 & 18), failed to administer the correct medication to avoid the effects of alcohol withdrawal, that unnamed county staff failed to conduct timely wellness safety checks that could have prevented Ms. Bews' death, and that LA County, through individual defendants Alex Villaneuva and Drs. Henderson and Hong, failed to have a proper detoxification protocol in place. (Id. at ¶¶ 50, 57, 63.)

The Complaint further alleges that LA County had policies and customs in place that were followed in this case. Specifically, Plaintiffs allege that LA County acted in accordance with the following policies or customs:

1. Failing to recognize when a detainee has serious medical needs during intake screening;
2. Failing to properly house detainees to provide adequate medical monitoring;
3. Failing to communicate detainees' medical needs between medical staff and deputies;
4. Providing insufficient medical care to detainees;
5. Failing to transfer detainees to the hospital when medically necessary;
6. Failing to respond properly or timely to serious medical needs of detainees;
7. Failing to conduct timely safety, medical or welfare checks;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

     8.     Failing to monitor live video feeds for signs of medical distress;
     9.     Failing to respond properly to detainees exhibiting drug or alcohol overdose or withdrawal;
     10.    Failing to recognize when a detainee has serious medical needs during safety checks;
     11.    Failing to meet accepted community standards of care with respect to medical care of detainees;
     12.    Failing to properly investigate in-custody deaths and properly respond to the results of those investigations to prevent further deaths; and
     13.    Failing to cure chronic understaffing.

(Id. at ¶ 67.) The Complaint also alleges that LA County mishandled Ms. Bews' remains, causing her mother to suffer extreme emotional distress after viewing the decomposition. (Id. at ¶¶ 71-78.)

     Premised on these allegations, the Complaint asserts four federal claims for violations of: (1) 42 U.S.C. § 1983 (Deliberate Indifference) against the County Defendants; (2) 42 U.S.C. § 1983 (Substantive Due Process) against the County Defendants; (3) 42 U.S.C. § 1983 (Deliberate Indifference (Monell)) against LA County; and (4) 42 U.S.C. § 1983 (Substantive Due Process (Monell)) against LA County. The Complaint also asserts a number of state law claims: (1) Cal. Govt. Code § 52.1 (Bane Act) against the County Defendants; (2) Cal. Govt. Code § 845.6 (Failure to Summon Medical Care) against the County Defendants; (3) Negligence against the County Defendants; (4) Negligence: (Negligent Training and Supervision) against the County Defendants; (5) Negligence: (Negligent Handling of Remains) against the County Defendants; and (6) Wrongful Death against the County Defendants.[2]

     Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state viable § 1983 civil rights claims. (Docket No. 29.) Defendants also argue that Plaintiffs' state law claims are either time barred under Cal. Civ. Code § 340.5 or for failure to comply with the Government Claims Act, or that the claims are barred by state law prohibiting non-statutory common law tort claims against public entities. (Id.)

---

[2]     The Complaint also asserts a cause of action for breach of contract against only Defendant Chapel of Light based on the funeral home's alleged negligent handling of Ms. Bews' remains. (Comp. ¶¶ 175-84.) The Court dropped Chapel of Light from this action for misjoinder on February 2, 2024. (Docket No. 37.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

## II.  Legal Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561.  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations and quotations omitted).  However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Id.  "Although leave to amend should

Case 2:23-cv-09775-PA-JPR   Document 44   Filed 02/23/24   Page 5 of 9   Page ID #:341

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986)).  Here, it is not yet clear to the Court that "the allegation of other facts . . . could not possibly cure the deficiency," making dismissal with leave to amend appropriate.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

### III.    Discussion

Defendants contend that each of Plaintiffs' claims fails under Fed. R. Civ. P. 12(b)(6) due to insufficient factual allegations.  The Court first addresses the federal claims before turning to the state law claims.

### A.    Plaintiffs' § 1983 Claims

Defendants argue that Plaintiffs' § 1983 claims that the County Defendants violated Plaintiffs' constitutional rights under the Fourteenth Amendment should be dismissed because Plaintiffs fail to allege that the County Defendants acted with the requisite deliberate indifference to decedent's medical condition, and that the allegations amount to nothing more than a claim for failure to provide adequate or proper medical care.  Defendants argue that this failure to plausibly allege a unconstitutional level of medical care is fatal to all four of Plaintiffs' section 1983 claims.

#### 1.    Failure to State a § 1983 Claim

"To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988) (citing 42 U.S.C. § 1983).  Here, Plaintiffs' section 1983 claims are based on rights under the Fourteenth Amendment.

"Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees have a right to receive medical treatment while in police custody." Hyde v. City of Willcox, 23 F.4th 863, 873 (9th Cir. 2022).  The constitutional right to receive medical treatment "must be evaluated under an objective deliberate indifference standard." Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing Castro v. Cnty. of L.A., 833 F.3d 1060, 1070 (9th Cir. 2016)).  To establish deliberate indifference, a detainee must show:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
(ii) those conditions put the plaintiff at substantial risk of suffering serious harm;
(iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
(iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Russell v. Lumitap, 31 F.4th 729, 739 (9th Cir. 2022) (citing Gordon, 888 F.3d at 1124-25).

Under this objective reasonableness standard, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id. "The 'reckless disregard' standard is a formidable one." Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 636 (9th Cir. 2021) (citations omitted). "[O]bjective reasonableness turns on the facts and circumstances of each particular case," with reference to what the defendant "knew at the time, not with the 20/20 vision of hindsight." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (quotation marks omitted). "Neither mere lack of due care, nor an inadvertent failure to provide adequate medical care, nor even medical malpractice, without more, is sufficient to meet this standard. Instead, a plaintiff must show that the defendant disregarded an excessive risk to the plaintiff's health and safety by failing to take reasonable and available measures that could have eliminated that risk." Fraihat, 16 F. 4th at 636 (quotations omitted). In other words, "although medical negligence is not by itself unconstitutional, the care rendered must be so inadequate based on the circumstances known to the medical staff as to amount to deliberate indifference." Russell, 31 F.4th at 741.

Here, the Complaint alleges that Ms. Bews was examined on three separate occasions by medical staff – once at the hospital before being transported to jail, once before the determination was made regarding her housing, and again after she had been housed in her module. Moreover, she was found unresponsive by a nurse who was checking on her yet again, four and half hours later. These allegations do not plausibly allege deliberate indifference under the standard articulated above – given that decedent was checked and evaluated four times during her time in custody, at most they allege a failure to provide adequate or proper care. The Complaint thus fails to allege that either of the individual County Defendants involved in Ms. Bews' care – Drs. Henderson and Hong – acted with the requisite reckless disregard to decedent's health and safety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

Plaintiffs argue that the facts alleged in the Complaint demonstrate that the individual defendants ignored the risks of alcohol withdrawal in treating Ms. Bews. The Court disagrees. To the contrary, the Complaint plausibly allege that Ms. Bews was treated and evaluated, and that a reasoned decision based on those evaluations was made to not provide medication relating to her detoxification. While it is true that decedent was found unresponsive during a safety check several hours later and Plaintiffs allege in hindsight that the individual defendants should have provided medication for her detoxification, these facts allege negligence or medical malpractice, and not deliberate indifference.

Plaintiffs also allege that individual defendants Villanueva, Henderson and Hong failed to have a proper detoxification protocol in place that would have included medication and more frequent monitoring. This allegation, however, also raises the question of what constitutes proper or adequate care, and does not plausibly allege deliberate indifference. Moreover, Ms. Bews' decline occurred during a short time period of only a few hours after she had been checked and medically cleared. The alleged lack of a safety check during this time period, without more, does not suffice to state a claim based on a deliberate indifference standard. Moreover, Plaintiffs' allegations regarding the failure to carry out safety checks focus on the actions of unnamed defendants, and cannot be attributed to the named individual defendants in this matter. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1988) ("Liability under § 1983 must be based on the personal involvement of the defendant.") (citing May v. Enomoto, 633 F.2d. 164, 167 (9th Cir. 1980)).

Plaintiffs' second claim for a Fourteenth Amendment substantive due process violation based on the loss of a familial relationship fails for the same reason. In order to state a claim under the substantive due process clause, a plaintiff must show that a defendant's conduct "shocks the conscience" – a standard that typically requires even more than a showing of deliberate indifference. See Tan Lam v. City of Los Banos, 976 F.3d 986, 1003 (9th Cir. 2020); Perez v. City of Fresno, 591 F. Supp. 725, 762 (E.D. CA 2022). Because the Court concludes that Plaintiffs have failed to state a viable claim based on alleged deliberate indifference, they fail to state a viable claim here as well.

Accordingly, Plaintiffs fail to plead facts sufficient to state viable § 1983 claims against any of the individual defendants.

### 2. Monell Liability

"Because § 1983 does not provide for vicarious liability, local governments may not be sued under § 1983 for an injury inflicted solely by an employee or agent." Forte v. Hughes, 13-CV-01980, 2014 WL 2930834, at *8 (E.D. Cal. June 27, 2014) (citing Monell v. Dep't. of Soc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

Svcs., 436 U.S. 658, 693 (1978)). Under § 1983, local governmental entities can be directly liable for monetary, declaratory or injunctive relief only if the allegedly unconstitutional action occurred pursuant to a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers." Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1171 (E.D. Cal. 2005).

To prevail on a Section 1983 complaint against a local government entity, a plaintiff must establish three elements: (1) the local government official intentionally violated the plaintiff's constitutional rights; (2) the violation arose from policy and custom and was not part of an isolated incident, and (3) a nexus links a specific policy or custom to the plaintiff's injury. Monell, 436 U.S. at 690-92. "Where a plaintiff claims that the municipality . . . has caused an employee to [violate the plaintiff's constitutional rights], rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." Board of County Commissioners of Bryan County, Okla. v. Brown, 520 U.S. 397, 405 (1997).

Here, because Plaintiffs' Complaint does not allege the well pleaded facts required to state a plausible constitutional injury, Plaintiffs' Monell liability claims against LA County fail as well. See Richards v. County of San Bernardino, 39 F.4th 562, 574 (9th Cir. 2022) (plaintiff must suffer an underlying constitutional injury in order to establish Monell liability).[3]

**B.     State Law Claims**

Unless and until Plaintiffs can state viable federal claims, the Court will not assess the sufficiency of the claims Plaintiffs attempt to allege under California law.[4] In cases such as this, where Plaintiffs have combined state law claims with federal claims brought pursuant to Section 1983, the Court's ordinary practice is to try the federal claim and then to decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c). To the

---

[3]     To the extent that Plaintiffs argue that their Complaint alleges Monell liability premised on a county policy or failure to train separate and apart from the actions of the individual defendants, the Complaint fails to plead the facts necessary to plausibly demonstrate that decedent suffered a constitutional injury as a result of those policies or failure to train.

[4]     Defendants have requested that the Court take judicial notice of certain documents relating to their Motion to Dismiss the state law claims asserted in the Complaint. (Docket No. 29-1.) Because the Court is not ruling on that portion of the Motion to Dismiss at this time, the Court does not need to rule on Defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9775 PA (JPRx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

extent the supplemental claims are not resolved as a result of the outcome of the federal claims, Plaintiffs will then be free to pursue those claims in state court.

## Conclusion

For all of the foregoing reasons, the Court grants the Motion to Dismiss in part, by dismissing, with leave to amend, Plaintiffs' federal claims under 42 U.S.C. § 1983. The Court declines to address the viability of Plaintiffs' California state law claims until Plaintiffs state viable federal claims. Plaintiff's First Amended Complaint, if any, shall be filed by no later than March 15, 2024. Failure to file a First Amended Complaint by that date may, without further warning, result in the imposition of sanctions, including but not limited to dismissal of the federal claims with prejudice, and because the Court would decline to exercise supplemental jurisdiction over the state law claims, dismissal of those claims without prejudice. The First Amended Complaint shall not include any new or different defendants, claims, causes of action, or legal theories other than those specifically authorized in this Order, without leave of this Court.

IT IS SO ORDERED.