JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-9775 PA (JPRx) | Date | March 15, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

On February 23, 2024 the Court granted the Motion to Dismiss Plaintiffs' Estate of Amanda Bews, by and through its successors in interest A.S.R. and R.E.H., and Melinda Bettencourt ("Plaintiffs") section 1983 claims filed by defendants County of Los Angeles and Tri Hong, Rph. with leave to amend. (Docket No. 44.). In its order granting the Motion to Dismiss, the Court advised that it would most likely decline to exercise supplemental jurisdiction over Plaintiffs' state law claims after resolution of the federal claims. (Id.) On February 28, 2024, Plaintiffs filed a Notice of Intent Not to File Amended Federal Claims ("Notice of Intent"). The Notice of Intent stated that Plaintiffs had determined that they would not file an amended complaint "with the understanding that the Court will enter a dismissal of all § 1983 claims with prejudice and, as indicated, decline supplemental jurisdiction over state law claims." (Docket No. 48.)

On March 5, 2024, the Court issued an order requiring Plaintiffs to confirm or dispute that the Court's February 23, 2024 ruling applies with equal force to non-moving defendants Sean O'Brien Henderson, M.D. (who had been served and not yet appeared) and Alex Villanueva (who had not yet been served). The Court additionally ordered Plaintiffs to state if they objected to the dismissal of the section 1983 claims as to all defendants in this action, including the non-moving defendants, and to the entry of the corresponding judgment. (Docket No. 50.)

The Court has received Plaintiffs' response to its March 5, 2024 Order, entitled Plaintiffs' Response to Order and Conditional Motion to Voluntarily Dismiss § 1983 Claims Against Villanueva Only ("Response"). (Docket No. 53.)[1] Plaintiffs' Response states that other than the objections Plaintiffs have to the Court's decision to dismiss the 1983 claims in its February 23,

---

[1]   In its March 5, 2024 Order, the Court provided an opportunity for Defendants to respond as well, but Defendants did not file a response.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 23-9775 PA (JPRx) | Date | March 15, 2024 |
|---|---|---|---|
| Title | Estate of Amanda Bews, et al. v. County of Los Angeles, et al. | | |

2024 order on the merits, Plaintiffs do not object to the Court's dismissal of the section 1983 claims as to all served defendants. (Id.) Regarding defendant Villanueva, Plaintiffs request that the Court dismiss the section 1983 claims asserted against him as well. (Id.) Plaintiffs' Response admits that the reasoning behind the Court's order dismissing the section 1983 claims applies to all defendants in this matter. Accordingly, the Court will dismiss Plaintiffs' section 1983 claims against defendants County of Los Angeles, Tri Hong, Rph., Sean O'Brien Henderson, M.D., and grant Plaintiffs' request for voluntary dismissal of the section 1983 claims against defendant Alex Villanueva.

The Court has supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Here, the Court has resolved all of the federal claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3).

For all of the foregoing reasons, the Court dismisses the federal section 1983 claims asserted in this action against defendants County of Los Angeles, Tri Hong, Rph., and Sean O'Brien Henderson, M.D. with prejudice, and grants Plaintiffs' request for voluntary dismissal of the section 1983 claims against Alex Villanueva. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice. Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll the statute of limitations on the state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.